IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROOSEVELT WOODLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-955-M |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is defendant, the United States of America, with a motion to dismiss [docket no. 11], filed February 28, 2008. Plaintiff has filed no response.[1] This matter being ripe for adjudication, the Court now makes its determination.

On July 19, 2007, plaintiff filed the instant cause of action in the District Court of Comanche County, Oklahoma, for conversion. On August 27, 2007, this matter was removed to the United States District Court for the Western District of Oklahoma. Plaintiff alleges that defendant is in wrongful possession of certain personal property, specifically a "blue heavy duty hand truck & portable radio/CD player". Defendant now moves to dismiss the action for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Casteneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when

---

[1] Because plaintiff has filed no response brief within the period prescribed by LCvR7.1(g), the Court deems the allegations in defendant's motion confessed.

specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking". *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.* Therefore, plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Under the provisions of the Federal Tort Claims Act ("FTCA"), "filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (internal citation omitted). A tort claim against the United States is barred "unless it is presented to the proper agency within two years of its accrual and suit is commenced within six months of notice of the claim's denial by the agency. *Id*. A "claim is deemed presented when a federal agency receives from a claimant 'an executed Standard Form 95 ..., accompanied by a claim for money damages in sum certain for injury to or loss of property ... alleged to have occurred by reason of the incident.'" *Id*. The requirement that an administrative claim be filed before instituting suit is a jurisdictional prerequisite, imposed by Congress, which courts have no power to waive. *Id*. If the claim is not presented before commencing suit, the suit must be dismissed even if the claim is subsequently presented. *McNeil v. United States*, 508 U.S. 106, 107 (1993).

In this case, the Court finds it has no jurisdiction to review plaintiff's claims against defendant because these claims are only under the FTCA and plaintiff has presented no evidence that he filed an administrative claim. Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's petition for lack of subject matter jurisdiction and DISMISSES the instant action.

**IT IS SO ORDERED** this **20th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE